IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Terrill Thompson, | Civil Action No. 8:18-3030-CMC |
| Petitioner, | |
| vs. | **ORDER** |
| Warden Davis, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* petition for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2241. ECF No. 1.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings. Respondent filed a Motion for Summary Judgment on January 7, 2019. ECF No. 12. The same day, a *Roseboro* Order was entered, advising Petitioner of the importance of a dispositive motion and the need to file an adequate response. ECF No. 13. Petitioner filed no response, and on February 13, 2019, the Magistrate Judge entered an order extending the time for a response through March 5, 2019. ECF No. 15. A new *Roseboro* Order was issued with the extension order. On March 20, 2019, after Petitioner again failed to respond, the Magistrate Judge entered an additional order extending his time to respond though April 3, 2019, and specifically advised Petitioner failure to respond would render this action subject to dismissal for failure to prosecute and to comply with the court's orders. ECF No. 24. On April 9, 2019, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the petition for habeas corpus be dismissed pursuant to Fed. R. Civ. P. 41(b). ECF No. 27. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious

consequences if he failed to do so. The court has received no objections and the time for filing has expired.[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order and this petition is dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and to comply with court orders.

---

[1] The court notes Petitioner also filed a motion under 28 U.S.C. § 2254. Civil Action No. 8:18-cv-3361. A Report was issued in that case on April 30, 2019. On May 14, 2019, objections were received in that case; however, no objections were received in the instant matter.

**IT IS SO ORDERED**.

                                                        s/Cameron McGowan Currie
                                                       CAMERON MCGOWAN CURRIE
                                                       Senior United States District Judge

Columbia, South Carolina
May 16, 2019